1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

ROBERT DUKOWITZ,

9

Plaintiff,

Case No.  C19-0114-BJR-MAT

10

v.

11

JASON MERCER,

REPORT AND RECOMMENDATION

12

Defendant.

13

14

INTRODUCTION AND SUMMARY CONCLUSION

15

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Robert

16

Dukowitz has been granted leave to proceed with this action *in forma pauperis*.  Service has not

17

been ordered.  This Court, having reviewed plaintiff's complaint, and the balance of the record,

18

concludes that plaintiff has not stated a cognizable claim for relief in this action.  The Court

19

therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice,

20

pursuant to 28 U.S.C. § 1915(e)(2)(B).

21

DISCUSSION

22

On January 24, 2019, plaintiff presented to this Court for filing a civil rights complaint

23

under 42 U.S.C. § 1983.  (Dkt. 1.)  Plaintiff alleged in his complaint that Jason Mercer, Prosecuting

REPORT AND RECOMMENDATION
PAGE - 1

Attorney for the City of Renton, defamed his character and slandered him when Mr. Mercer provided false and misleading information to another individual regarding plaintiff's criminal conviction. (Dkt. 6 at 3.) After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable claim for relief under § 1983, nor had he identified a viable defendant in this action. Thus, on February 27, 2019, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 7.)

The Court advised therein that in order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. (*See id*. at 1, citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).) The Court noted that plaintiff had not alleged in his complaint that Mr. Mercer violated a federally protected right, nor had he alleged any facts implicating federal constitutional concerns. (*Id*. at 2.) The Court also noted in the Order to Show Cause that Mr. Mercer was likely immune from liability in this action given that plaintiff appeared to be challenging actions undertaken by Mr. Mercer within the scope of his official duties as a prosecutor for the City of Renton. (*See id*., citing *Imbler v. Pachtman*, 424 U.S. 409 (1976).)

Plaintiff was granted thirty days to file a response to the Order to Show Cause. (*Id*.) To date, plaintiff has filed no response. As plaintiff has not made any effort to respond to the Order to Show Cause, and as plaintiff's complaint clearly states no cognizable claim for relief under § 1983, this action should be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies

REPORT AND RECOMMENDATION
PAGE - 2

this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 17, 2019**.

DATED this 22nd day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3